IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| XAVIER CASTRO, # B87782, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 13-cv-00303-JPG |
| | ) |
| MICHAEL ATCHINSON, | ) |
| UNKNOWN MAJOR, | ) |
| OFFICER QUAN #1, | ) |
| OFFICER QUAN # 2, | ) |
| OFFICER SNELL, | ) |
| OFFICER WEBB, and | ) |
| OFFICER CASH, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Xavier Castro, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff, who is handicapped, takes issue with a variety of issues, primarily pertaining to the conditions of his confinement and the lack of accommodation for his handicap while he was housed at Menard Correctional Center ("Menard"), and during his transfer to Lawrence. In addition, Plaintiff brings claims under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12111-12213, and he invokes the Court's supplemental jurisdiction so as to include state law claims. Plaintiff seeks declaratory judgment, compensatory damages and injunctive relief.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, for the reasons that follow the Court finds that several of Plaintiff's claims can be summarily dismissed.

**The Complaint**

Plaintiff is handicapped due to a cervical spine injury that has left him with severe nerve damage that limits his ability to use his hands and legs. From May 13 through July 7, 2011, Plaintiff was housed in cell 305 in the Menard Health Care Unit. Cell 305 was not handicap accessible, making it difficult, if not impossible, to use the toilet. Correctional officers refused to assist, or delayed rendering assistance so that Plaintiff regularly urinated and defecated on himself, which left him to wait for assistance to clean himself. Specifically, Defendant C/O Quan #1[1] saw Plaintiff crying over his plight and told Plaintiff to "stop whining." Plaintiff attributes the unresponsiveness of C/O Quan #1 to racial prejudice because Plaintiff is Hispanic and the guard replied to Plaintiff's requests for assistance by saying things like: "Speak English, mother f***er."; "What the f*** you want?"; and "I don't give a f***."

On July 7, 2011, Plaintiff was moved to cell 316, where he stayed until January 5, 2012. Cell 316 did not have a sink or toilet. Plaintiff was given a portable urinal, which was difficult for him to use, and which was often full, leaving him to urinate on himself. If Plaintiff had to defecate, he had to wait for correctional officers to assist him, and they often refused or were delayed. Again, Plaintiff was left to sit in his own waste as he waited for unresponsive correctional officers. It is specifically alleged that C/O Quan #2 would tell Plaintiff to wait because he, Quan#2, did not have time to assist Plaintiff. Quan #2 "would say nasty things and just be totally unprofessional." C/O Snell, who worked the 11p.m.-7a.m. shift, would instruct Plaintiff to get ready to go to the washroom, only to fail to return until hours later. Snell would then comment about the smell and otherwise demean Plaintiff.

---

[1] Two of the defendants are named Quan and are designated "Quan #1" and "Quan #2" because their first names are not known.

On January 5, 2012, Plaintiff was transferred from Menard to Lawrence. On the transfer bus, Plaintiff was given a portable urinal but, because of his handicap and because his hands were in "lockbox" handcuffs, Plaintiff urinated on himself twice during the ride. C/O Webb, C/O Strong and C/O Cash were the guards on the transfer bus. Webb told Plaintiff that he could not take the lockbox off while the vehicle was moving. Cash said the bus would not be stopped just because Plaintiff had to relieve himself.

Plaintiff attempted to bring these issues to the attention of Warden Atchison and an unidentified Major. But those two defendants failed to hold a hearing or otherwise investigate Plaintiff's grievance.

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into seven counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Against Warden Atchison and Unknown Major for violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12111-12213) relative to cell 305;
>
> **Count 2:** Against Warden Atchison and Unknown Major for violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12111-12213) relative to cell 316;
>
> **Count 3:** Against Warden Atchison, Unknown Major and C/O Quan #1 for cruel and unusual punishment and/or deliberate indifference to the conditions of Plaintiff's confinement in cell 305, in violation of the Eighth Amendment and the common law of Illinois regarding negligence;
>
> **Count 4:** Against Warden Atchison, Unknown Major ,C/O Quan #2 and C/O Snell for cruel and unusual punishment and/or deliberate indifference to the conditions of Plaintiff's confinement in cell 316, in violation of the Eighth Amendment and the common law of Illinois regarding negligence;

    **Count 5:**   **Against C/O Quan #1 for racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment;**

    **Count 6:**   **Against C/O Strong, C/O Webb and C/O Cash for cruel and unusual punishment and/or deliberate indifference to the conditions of Plaintiff's confinement on the transfer bus, in violation of the Eighth Amendment and the common law of Illinois regarding negligence; and**

    **Count 7:**   **Against Warden Atchison and Unknown Major for failing to hold a hearing or investigate Plaintiff's grievance, in violation of the Due Process Clause of the Fourteenth Amendment.**

**<u>Relevant Legal Standards</u>**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v.*

*Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**Discussion**

### Counts 1 and 2

With respect to Counts 1 and 2, the proper defendant to an ADA claim is the relevant state department or agency.  *See* 2 U.S.C. § 12131(1)(b); *Jaros v. Illinois Department of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012) (individual capacity claims are not available under the ADA; the proper defendant is the agency or its director (in his official capacity)).  Consequently, Counts 1 and 2 are deemed to be lodged against only the Illinois Department of Corrections.  Thus, Warden Atchison and Unknown Major are dismissed with prejudice.

Although *United States v. Georgia*, 546 U.S. 151, 159 (2006), left open the possibility that, in addition to injunctive relief, damages could be available, the Court construes the complaint as only seeking injunctive relief under the ADA (*see* Doc. 1, p. 17(requesting only that cells 305 and 316 not be used for inmates with disabilities)).  However, the request for injunctive relief is moot because Plaintiff has been transferred from Menard to Lawrence and he has not suggested that there is a reasonable likelihood that he will be returned to Menard cells 305 and 315.  *Preiser v. Newkirk*, 422 U.S. 395, 402-04; *Lehn v. Holmes,* 364 F.3d 862, 871 (7th Cir. 2004).  As a result, Counts 1 and 2 are dismissed in their entirety, without prejudice.[2]

---

[2]Because Plaintiff's ADA claims fail, there is no need for the Court to construe Counts 1 and 2 as including claims pursuant to the Rehabilitation Act, 29 U.S.C. §§ 794-94e, which offers relief coextensive with the ADA.  *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012); *see also Jaros*, 684 F.3d at 671.

**Counts 3 and 4**

Counts 3 and 4 present Eighth Amendment claims, and state law negligence claims based on the same factual scenarios, against Warden Atchison, Unknown Major, C/O Quan #1, C/O Quan #2 and C/O Snell.  The doctrine of *respondeat superior* is not applicable to Section 1983 actions.  *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).  The complaint indicates that Atchison and Major are sued due to their positions within the prison administration (*see* Doc. 1, p. 7).  Plaintiff has not sufficiently alleged that either Warden Atchison or Unknown Major is "personally responsible for the deprivation of a constitutional right."  *Id.*  Accordingly, Warden Atchison and Unknown Major shall both be dismissed from the Section 1983 aspects of Counts 3 and 4, without prejudice.

Although in certain circumstances the doctrine of *respondeat superior* is applicable under Illinois law, the complaint offers no more than an assertion that Atchison and Major are supervisory officials.  Plaintiff has failed to nudge his claims against Atchison and Major across the line from conceivable to plausible.  *See Twombly*, 550 U.S. at 570.  Therefore, the state law negligence claims in Counts 3 and 4 shall be dismissed without prejudice.  Count 3 shall proceed against C/O Quan #1, and Count 4 shall proceed against C/O Quan #2 and C/O Snell.

**Count 5**

In Count 5 it is alleged that C/O Quan #1 discriminated against Plaintiff on the basis of his Hispanic race, in violation of the Equal Protection Clause of the Fourteenth Amendment.  Plaintiff premises this claim upon several statements by Quan #1:  "Speak English, mother f***er."; "What the f*** you want?"; and "I don't give a f***."  The use of racially derogatory language is unprofessional, and can be evidence of racial animus, but alone does not violate the Constitution.  *See Chavez v. Illinois State Police*, 251 F.3d 612, 646 (7th Cir. 2001).  In order to

state an equal protection violation, a plaintiff must assert that a state actor has treated him differently than persons of a different race and has done so intentionally. *See Washington v.. Davis,* 426 U.S. 229, 239-42 (1976). The statement directing Plaintiff to speak English is a bit amorphous, and the repeated use of the "f-word" is more suggestive of deliberate indifference than racial animus. Therefore, as pleaded, Court 5 fails under the *Twombly* pleading standard.

### Count 6

Count 6, alleging Eighth Amendment and negligence claims regarding Plaintiff's treatment on the transfer bus, shall proceed in all respects against C/O Strong, C/O Webb and C/O Cash.

### Count 7

In Count 7, it is alleged that Warden Atchison and Unknown Major failed to hold a hearing or investigate Plaintiff's grievance, in violation of the Due Process Clause of the Fourteenth Amendment. The Constitution does not obligate prisons to provide a grievance process, nor does the existence of a grievance process itself create a protected interest. *Owens v. Hinsley,* 635 F.3d 950, 953–54 (7th Cir. 2011). In order for liability to attach under Section 1983, a defendant must be involved in the underlying harm; the mishandling of an inmate grievance alone cannot be a basis for liability. *Owens,* 635 F.3d at 953–54. No such claims have survived this threshold review; therefore, Count 7 shall be dismissed without prejudice.

### Injunctive Relief

As already discussed, because Plaintiff has been transferred from Menard, his request for injunctive relief is deemed moot in all respects.

**Pending Motions**

Plaintiff has been granted leave to proceed as a pauper (Doc. 6); therefore, his motion for service of process at government expense (Doc. 4) shall be granted, pursuant to 28 U.S.C. § 1915(d).

Plaintiff's motion for appointment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Philip M. Frazier for further consideration.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated: Counts 1, 2, 5 and 7 are each **DISMISSED** without prejudice; accordingly, Defendants **MICHAEL ATCHISON** and **UNKNOWN MAJOR** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that Defendants **MICHAEL ATCHISON** and **UNKNOWN MAJOR** are **DISMISSED** without prejudice from Counts 3 and 4; Counts 3 and 4 shall otherwise proceed.

**IT IS FURTHER ORDERED** that Count 6 shall proceed in all respects.

**IT IS FURTHER ORDERED** that Plaintiff's prayer for injunctive relief is **DENIED AS MOOT**.

The only claims remaining in this action are: Count 3, asserting Eighth Amendment and negligence claims against C/O Quan #1 regarding cell 305; Count 4, asserting Eighth Amendment and negligence claims against C/O Quan #2 and C/O Snell regarding cell 316; and Count 6, asserting Eighth Amendment and negligence claims against C/O Webb, C/O Strong and C/O Cash regarding the transfer bus.

**IT IS FURTHER ORDERED** that Plaintiff's motion for service of process at government expense (Doc. 4) is **GRANTED**. The Clerk of Court shall prepare for Defendants:

**C/O QUAN #1**, **C/O QUAN #2**, **C/O SNELL**, **C/O WEBB**, **C/O STRONG** and **C/O CASH**:

(1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Philip M. Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), if all parties consent to such a referral.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action or want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk of Court is further **DIRECTED** to have the record reflect the names of the Defendants as they appear in the caption of this order.

**IT IS SO ORDERED.**

**DATED: April 22, 2013**

s/ J. PHIL GILBERT
United States District Judge
