IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| XAVIER CASTRO, B87782, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 13-cv-00303-JPG-PMF |
| | ) |
| MICHAEL ATCHISON, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 66) of Magistrate Judge Philip M. Frazier with regard to Defendants' Motion for Summary Judgment (Doc. 55). The Plaintiff filed a "Motion to Response Summary Judgment" which the Court is construing as an objection to the R & R (Doc. 69).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court will review *de novo* the R & R since the Plaintiff has filed an objection to the R & R.

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the

1

evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

The Plaintiff's Motion to Response to Summary Judgment has been construed as an objection to the R & R. The motion requests a hearing on the defendant's Motion for Summary Judgment and the Court finds that a hearing is not necessary. The Plaintiff's objection repeats the allegations contained in the complaint – including the allegation that Jodie Strong was a member of the transfer team which the Plaintiff has already admitted she was not.

The objection also includes copies of pages 3, 4, and 5 and states "Defendants brought about cruel conditions cause a deliberate indifferences. And unusual punishment, (Exhibits within – Doc. #66. Pages #3. P-4, P-5 explains The all-over acts themselves." As such, it appears that the Plaintiff agrees with the facts as set forth in the R&R within regard to the incidents.

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-26; *Anderson*, 477 U.S. at 256-57; *Modrowski*, 712 F.3d at 1168. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

As stated above, the Plaintiff cannot simply rest – or repeat – the allegations in his Complaint to defeat the defendant's motion.  Therefore, the Court hereby **ADOPTS** the Report in its entirety (Doc. 66) and **GRANTS** Defendants' Motion for Summary Judgment (Doc. 55).  The negligence claims along with the Eight Amendment claims at Count 3 and 6 are **DISMISSED** without prejudice and Defendants Shane Quandt, Jodie Strong and Jacques Webb are **DISMISSED** without prejudice.  The Clerk of Court is **DIRECTED** to enter judgment accordingly at the close of this matter.

    **IT IS SO ORDERED.**

    DATED:  11/12/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**